# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Hussey Copper Corp.,[1] | ) | Case No. 11-13010 (BLS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Hussey Copper Ltd., | ) | Case No. 11-13012 (BLS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| OAP Real Estate, LLC, | ) | Case No. 11-13013 (BLS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Cougar Metals, Inc., | ) | Case No. 11-13014 (BLS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Orbie Trading, L.P., | ) | Case No. 11-13015 (BLS) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Hussey Exports Ltd., | ) | Case No. 11-13016 (BLS) |
| | ) | |
| Debtor. | ) | Joint Administration Requested |
| | ) | **Related to Docket No. 4** |

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Hussey Copper Corp. (9993); Hussey Copper Ltd. (9994); OAP Real Estate, LLC (1298); Cougar Metals, Inc. (1674); Orbie Trading, L.P. (4969); and Hussey Exports Ltd. (8997). The Debtors' address is 100 Washington Street, Leetsdale, Pennsylvania 15056.

1342507.2 9/28/11

## ORDER AUTHORIZING DEBTORS TO EMPLOY AND RETAIN DONLIN, RECANO & COMPANY, INC. AS NOTICE, CLAIMS AND BALLOTING AGENT

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for an order (the "Order") authorizing the Debtors to employ and retain Donlin, Recano & Company, Inc., ("DRC") as notice, claims and balloting agent in connection with the above-captioned chapter 11 cases; and upon the Affidavit of Colleen McCormick, in support thereof (the "McCormick Affidavit"); and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Application and the McCormick Affidavit; and the Court being satisfied based on the representations made in the Application and the McCormick Affidavit that DRC neither holds nor represents an interest adverse to the Debtors' estates nor has a connection to the Debtors, their creditors or their related parties; and notice of the Application having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED** that:

The Application is granted as set forth herein.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

1342507.2 9/28/11

1. The Debtors shall be, and hereby are, authorized to employ and retain DRC as their notice, claims and balloting agent, as of the Petition Date, in accordance with the terms and conditions set forth in the Donlin, Recano Agreement, which is hereby approved.

2. DRC is appointed as agent for the Office of the Clerk of the Court (the "Clerk's Office") and custodian of Court records and, as such, is designated as the authorized repository for all proofs of claims filed in these Chapter 11 Cases and is authorized and directed to maintain official claims registers for each of the Debtors and to provide the Clerk's Office with a certified duplicate thereof on a monthly basis unless otherwise directed by the Clerk's Office.

3. Upon the Debtors' request, DRC will assist the Debtors with any other additional services delineated in the Application as may be requested by the Debtors in connection with these Chapter 11 Cases.

4. DRC is authorized and directed to perform all related tasks to process the proofs of claim and maintain a claims register.

5. DRC is authorized to take such other action to comply with all duties set forth in the Application, the Donlin, Recano Agreement and this Order.

6. The Debtors are authorized to compensate DRC on a monthly basis, in accordance with the Donlin, Recano Agreement, upon the receipt of reasonably detailed invoices setting forth the services provided by DRC in the prior month and the rates charged for each, and to reimburse DRC for all reasonable and necessary expenses it may incur upon the presentation of appropriate documentation without further order of the Court, pursuant to section 503(b)(1)(A) of the Bankruptcy Code.

7. DRC shall follow the notice and claim procedures that conform to the guidelines promulgated by the Clerk's Office and the Judicial Conference of the United States.

8. DRC shall continue to serve as notice, claims and balloting agent in these Chapter 11 Cases, and shall continue to be paid for its services in this capacity under the terms set forth herein and in the Application, until relieved of such duties by order of the Court.

9. If these Chapter 11 Cases are converted to cases under chapter 7 of the Bankruptcy Code, DRC will continue to be paid for its services until the claims filed in these cases have been completely processed, and if claims agent representation is necessary in the converted chapter 7 cases, DRC will continue to be paid in accordance with section 156(c) of title 28 of the U.S. Code and on the terms set forth in this Order.

10. If DRC is unable to provide the services set forth in the Donlin, Recano Agreement, or upon the termination of the Donlin, Recano Agreement or closing of the Debtors' cases, DRC shall be relieved of any obligation to retain claims and solicitation materials in connection with the Debtors' cases and may deliver any such materials to the Clerk's Office in compliance with all applicable Local Rules. DRC will coordinate the delivery of claims and solicitation materials with a successor claims agent or the Clerk's Office.

11. Notwithstanding any provision of the Application or the Donlin, Recano Agreement to the contrary, the Debtors shall have no obligation to indemnify DRC, or provide contribution or reimbursement to DRC for any claim or expense that is either: (a) judicially determined (the determination having become final) to have arisen primarily from DRC's gross negligence, willful misconduct or fraud; or (b) settled prior to judicial determination as to DRC's gross negligence, willful misconduct or fraud, but determined by this Court, after notice and a hearing, to be a claim or expense for which DRC should not receive indemnity, contribution or reimbursement under the terms of DRC's retention.

1342507.2 9/28/11

12. If before the earlier of: (a) entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal); and (b) the entry of an order closing these Chapter 11 Cases, DRC believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations including, without limitation, the advancement of defense costs, DRC must file an application therefore in this Court, and the Debtors may not pay any such amounts to DRC before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by DRC for indemnification, contribution and/or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify DRC. All parties in interest shall retain the right to object to any demand by DRC for indemnification, contribution and/or reimbursement.

13. Notwithstanding the possible applicability of Rules 6004(h), 7062 or 9014 of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

15. To the extent this Order is inconsistent with any prior order or pleading with respect to the Application in these cases, the terms of this Order shall govern.

16. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

1342507.2 9/28/11

17. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: Wilmington, Delaware
September 28, 2011

_____
United States Bankruptcy Judge

1342507.2 9/28/11